■ PENSMORE INVESTMENTS, LLC, Respondent, v GRUPPO, LEVEY & CO., et al., Defendants, and CLAIRE GRUPPO et al., Appellants. [38 NYS3d 903]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 11, 2015, which granted plaintiff's motion for a prejudgment attachment, unanimously affirmed, with costs.

Plaintiff established a likelihood of success on its veil piercing claim by showing that defendants used a variety of corporate entities and accounts to collect and disburse money to themselves and the various corporate entities without consideration or corporate formalities, and that they used this web of payments to keep the judgment debtor corporation in business but grossly undercapitalized by paying its debts without putting any funds into it (see Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005]).

Contrary to defendants' contention, this case is not like Timur on 5th Ave. v Jim, Jack & Joe Realty Corp. (Sup Ct, NY County, Sept. 6, 2001, Cahn, J., index No. 603233/2000, affd 302 AD2d 223 [1st Dept 2003]). In that case, there was no allegation of deceit or wrongdoing. Indeed, there, the defendants did nothing more than take out a lease through a holding company, which the plaintiff knew was an operating company with no assets. Here, in contrast, defendants are alleged to have

thwarted the bargain plaintiff made with the corporate judgment debtor by consistently starving the debtor of cash and capitalization.

While an undertaking is required for an attachment (CPLR 6201, 6212 [b]), since a motion to set the undertaking on the attachment is currently before the motion court, we leave it with the court to set the undertaking in the first instance. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.